UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CV-00027-HBB

**MERCEDES GONZALEZ, individually,**
**and as ADMINISTRATRIX of**
**the ESTATE of GILBERTO GONZALEZ**            **PLAINTIFF**

**VS.**

**POINT LOGISTICS, INC., et al.**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### Background

This Order follows the Memorandum Opinion and Order entered at DN 93, addressing the motion of Defendants Point Logistics, Inc. and Patrick Jean-Louis to limit the opinion of Plaintiff Mercedes Gonzalez's expert witness Joseph Stidham (DN 75 and 77). In that Memorandum Opinion and Order, the undersigned concluded that Stidham would be permitted to offer expert testimony on the use of GPS technology in accident reconstruction and utilize KeepTruckin "bread crumb" data in formulating his opinion. However, the question of whether he should be permitted to testify regarding his investigation of the reliability of the KeepTruckin system performed well after drafting his report and providing a deposition was unresolved. The undersigned directed Gonzalez to file a sur-reply to address the issue, which she has now done (DN 93).

Stidham prepared his initial report on September 28, 2020. The deadline for Gonzalez's disclosure of expert witnesses and reports was November 16, 2020. Point Logistics conducted a

discovery deposition on December 15, 2020, during which Stidham testified that he anticipated delivery of a KeepTruckin system by that Friday, and he planned to conduct testing on the system. In support of its response to Point Logistics' motion Gonzalez attached a copy of a supplemental report by Stidham regarding his testing of the KeepTruckin system dated "May 2021" (DN 83-15). The undersigned directed Gonzalez to file a sur-reply addressing the question of whether Stidham's late-supplied expert report supplement should be excluded.

Gonzalez has supplied an affidavit from Stidham in which he explains the reason for the delay in preparing the supplemental report. He avers that the KeepTruckin system did not arrive until late December 2020. He planned to evaluate the system over a thirty-day period, but encountered technical issues requiring the manufacturer's assistance. A connector cable was eventually identified as the source of the problem. He was not able to begin testing until April 2021 and completed testing in May 2021 (DN 98-1).

Turning to the legal merits of whether the report should be excluded, Gonzalez addresses the five-factor test set forth in Howe v. City of Akron, 801 F. 3d 718, 748 (6th Cir. 2015). These are:

> (1) The surprise to the party against whom the evidence would be offered;
>
> (2) The ability of that party to cure the surprise;
>
> (3) The extent to which allowing the evidence would disrupt the trial;
>
> (4) The importance of the evidence; and
>
> (5) The non-disclosing party's explanation for its failure to disclose the evidence.

As to the first factor, Gonzalez notes that Stidham disclosed during his discovery deposition that he planned to engage in testing of a KeepTruckin unit. That he went on to do so, Gonzalez contends, should come as no surprise to Point Logistics. To the extent there is any surprise, Gonzalez asserts that Point Logistics could address this by cross-examination at trial to challenge Stidham's supplemental report. As to disruption of trial, Gonzalez contends that there is more than adequate time for Point Logistics to analyze and prepare to meet the opinion, given that there are still seven months remaining before trial, particularly since the report does not represent a new opinion, rather it is an expansion of his understanding of the KeepTruckin system's accuracy. She argues that the supplemental report is important because it allows Stidham to address Point Logistics' challenge to the accuracy of the KeepTruckin bread crumb data and the conclusions he has drawn from that data. Finally, Gonzalez asserts that Stidham has provided a reasonable explanation for the delay in producing the report.

## Discussion

As noted in the preceding Order, Stidham's supplemental report does not present any new opinion about the cause or circumstances surrounding the accident. Rather, it expounds upon the operation of the KeepTruckin location monitoring system and the accuracy of the data it produces, which is part of the basis for Stidham's opinions. He indicated his intention to do so during his discovery deposition, so only the delay in completing the investigation, and not the investigation itself, comes as a surprise to the Defendants. To the extent Defendants are prejudiced by this delay, they will be permitted to conduct a supplemental discovery deposition of Stidham, should they wish, and question him about his investigation of the KeepTruckin location system. The undersigned concurs that there is adequate time before trial for the Defendants to prepare to meet

Stidham's opinion, and, if supplementation of their own expert reports is required, may file a motion for leave. The evidence which Stidham proposes to testify about is important to the trial, as it goes to the critical issue of which driver may have been at fault. Finally, Gonzalez has provided a reasonable explanation for the delay and there is no indication that any gamesmanship is afoot.

**WHEREFORE**, the motions of Defendants Point Logistics and Jean-Louis (DN 75 and 77) are **DENIED**. However, Defendants are granted leave to conduct a supplemental discovery deposition of Stidham, should they desire to do so.

July 14, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to: Counsel of Record